**VENABLE LLP**
Eric A. Prager (*pro hac vice* forthcoming)
Email:  eprager@venable.com
151 West 42nd Street
New York, NY 10036
Telephone:  212.307.5500
Facsimile:  212.307.5598

Ben D. Whitwell (SBN 138426)
Email:  bwhitwell@venable.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:  310.229.9900
Facsimile:  310.229.9901

Melissa C. McLaughlin (SBN 273619)
Email:  mcmclaughlin@venable.com
750 East Pratt Street
Baltimore, MD 21202
Telephone:  410.244.7400
Facsimile:  410.244.7742

Attorneys for Plaintiff
ACADEMY OF TELEVISION ARTS & SCIENCES
FOUNDATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACADEMY OF TELEVISION ARTS & SCIENCES FOUNDATION, a California nonprofit corporation, | Case No. |
| | **COMPLAINT FOR:** |
| Plaintiff, | |
| v. | **1. Copyright Infringement**<br>**2. Trademark Infringement**<br>**3. Trademark Counterfeiting**<br>**4. False Designation of Origin**<br>**5. Unfair Competition** |
| BRIGHT NORTH STUDIOS, INC., a Canadian corporation; SHAWN EFRAN, an individual citizen of New York; and DOES 1 through 10, | |
| Defendants. | **JURY TRIAL DEMANDED** |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310.229.9900

## THE PARTIES

1.      Plaintiff Academy of Television Arts & Sciences Foundation ("Foundation" or "Plaintiff") is a California nonprofit corporation with its principal place of business in Los Angeles.  It is the charitable arm of the Academy of Television Arts & Sciences ("Television Academy"), which presents the Emmy Awards each year.

2.      On information and belief, Defendant Bright North Studios, Inc. ("BNS") is a Canadian corporation with its principal place of business in Toronto, Canada.

3.      On information and belief, Defendant Shawn Efran ("Efran") is an individual citizen and resident of New York.

4.      Plaintiff does not yet know the true names and capacities of the Defendants sued herein as Does 1 through 10, and therefore Plaintiff sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these Defendants if and when it ascertains the same.  Upon information and belief, each of these Defendants is an agent or alter ego of each of the other Defendants and is responsible for the conduct alleged in this Complaint.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over Plaintiff's copyright and trademark claims, *inter alia*, pursuant to 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over Plaintiff's unfair competition claim pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendants because they have transacted business within this state, have committed torts within this state, and have committed torts outside this state that have caused injury within this state.

7.      Venue is proper in this judicial district, *inter alia*, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving

COMPLAINT

1  rise to Plaintiff's claims occurred in this district and because a substantial part of

2  property that is the subject of the action is situated in this district.  Venue is also

3  proper pursuant to 28 U.S.C. § 1400(a) because Defendants' distribution agent

4  resides or may be found in this district.

5  **FACTUAL BACKGROUND**

6  **The Interviews Program**

7  8.    The Television Academy was founded in 1946 for the purpose of

8  promoting excellence in television and helping professionals in the television

9  industry develop the art and science of television.  The flagship event for which the

10  Television Academy is best known is the Primetime Emmy Awards, a highly

11  anticipated awards show telecast prior to the fall television premiere season.

12  9.    The Foundation is the charitable arm of the Television Academy.  The

13  Foundation conducts a variety of educational and preservation programs, including

14  the College Television Awards, the Media Educators Conference, and most

15  importantly in this matter *The Interviews: An Oral History of Television* ("*The*

16  *Interviews*").

17  10.    *The Interviews* is a collection of long-form interviews of leading

18  actors, directors, innovators, and executives who have helped create and define the

19  medium of television.  The Foundation conducts, edits, and publishes *The*

20  *Interviews* itself, making these historical documents available through its website,

21  https://interviews.televisionacademy.com, and through its YouTube channel,

22  https://www.youtube.com/FoundationINTERVIEWS.  Over the past 30 years, the

23  Foundation has created and made available nearly 1,000 interviews as part of this

24  program.

25  11.    This oral history is available for viewing for free by everyone from

26  scholars to fans.  In addition, segments of interviews may be licensed from the

27  Foundation by filmmakers and others for a fee.  The Foundation makes this clear

28  both at its website and at its YouTube channel.

12.    The landing page for *The Interviews* website contains a prominent link titled "License Our Clips", as shown here:



13.    The landing page for the Foundation's YouTube page contains the prominent notice "For information about licensing and attribution, contact Interviews@televisionacademy.com", as shown here:



-3-

COMPLAINT

14.     The Foundation has granted hundreds of clip licenses for segments from *The Interviews* over the past 10 years.  Most of the licensed clips are less than a minute in length.  The cost per license varies depending on use of the material, but the standard rate currently offered by the Foundation is $8,000 for up to one minute of video.

15.     The revenue from this licensing is important to support the charitable work of the Foundation.

### **The ARCHIVE OF AMERICAN TELEVISION Trademark**

16.     The Foundation owns the federally registered trademark ARCHIVE OF AMERICAN TELEVISION for "Educational and entertainment services in the nature of a database of video and/or audio taped interviews with actors, writers, producers, directors, crafts, executives and other people who created television or contributed to the development of television, such database being accessible through various electronic media".  A copy of U.S. Trademark Registration No. 2,409,697 for this mark is attached hereto as Exhibit A.  This registration is incontestable pursuant to 15 U.S.C. § 1065.

17.     The Foundation began using this mark in 1996, applying it like a logo or watermark on the video made available through *The Interviews* program.  An example from one of the interviews at issue in this action is shown here:

COMPLAINT

18.    The Foundation began using the new trademark THE INTERVIEWS (U.S. Trademark Registration No. 5,938,611) for this same purpose in 2017. However, the Foundation continues to use the earlier trademark to identify the source of video content made available prior to 2017.

19.    Lawful licensees of material from *The Interviews* receive from the Foundation a high-resolution copy of the video content they have licensed.  It is a matter of negotiation with licensees whether the Foundation's trademark will appear on the video or in end credits.

### Plaintiff's Copyrighted Works

20.    The Foundation owns the copyright in each interview conducted as part of *The Interviews* program. At issue in this action are interviews with Tom Bosley, Glen and Les Charles, Henry Colman, Douglas S. Cramer, Ann B. Davis,

1    Michael Eisner, Charles Fox, Florence Henderson, Ron Howard, Gavin MacLeod,

2    Garry Marshall, Nolan Miller, Joyce Randolph, Marion Ross, Sherwood Schwartz,

3    Richard and Esther Shapiro, Fred Silverman, Aaron Spelling, Grant Tinker, and

4    Henry Winkler.

5        21.    The Foundation has registered its copyrights in several of these

6    interviews and will complete its registrations as to the remaining interviews

7    shortly.  The Foundation will seek leave to amend this Complaint to add the

8    registration numbers as soon as they are available.

9        22.    The Foundation currently owns copyright registrations as to the

10   following interviews:  Charles Fox (U.S. Copyright Registration No.

11   PA0002433037), Florence Henderson (U.S. Copyright Registration No.

12   PA0002488678), Ron Howard (U.S. Copyright Registration No. PA0002500367),

13   Garry Marshall (U.S. Copyright Registration No. PA0002279336), Fred Silverman

14   (U.S. Copyright Registration No. PA0002492165), Grant Tinker (U.S. Copyright

15   Registration No. PA0002488727), and Henry Winkler (U.S. Copyright

16   Registration No. PA0002499087).  Copies of these registrations are attached hereto

17   as Exhibits B to H.

18       23.    In addition, the Television Academy owns the copyrights in the

19   broadcasts of the Primetime Emmy Awards, including the 6th Emmy Awards in

20   1954 and the 35th Emmy Awards in 1983.  The Television Academy has applied to

21   register its copyrights in those two broadcasts.  When it receives the registrations,

22   Plaintiff will seek leave to amend this Complaint to include a copyright claim on

23   behalf of the Television Academy.

24                    **Defendants' Infringing and Unfair Conduct**

25       24.    On information and belief, BNS is a production company that created

26   and produced the television series *TV We Love*.

27       25.    On information and belief, Efran is the founder and CEO of BNS, has

28   an ownership interest in BNS, and is an executive producer of *TV We Love*.

26.     On information and belief, Defendants engaged The CW Network, LLC ("The CW") a Delaware limited liability company based in Burbank, California, to distribute *TV We Love*.  The show is currently available nationwide, including in this district, on The CW's television broadcast channel, its website, and its app.

27.     *TV We Love* is a multi-part docuseries that celebrates eight classic television shows: *I Love Lucy*, *The Brady Bunch*, *The Love Boat*, *The Honeymooners*, *Happy Days*, *Dynasty*, *Cheers*, and *Touched by An Angel*.  Each episode focuses on one of those shows and includes various clips and interviews.

28.     Defendants use multiple clips from the Foundation's interviews and from the Television Academy's Emmy Awards in episodes of *TV We Love*. Defendants used clips as follows:

| Episode of *TV We Love* | Plaintiff's Clip Used | Approximate Timestamp of the Infringing Content |
|---|---|---|
| *I Love Lucy* | 6th Emmy Awards | 27:10 |
| *The Brady Bunch* | Ann B. Davis interview | 5:04 |
| *The Brady Bunch* | Florence Henderson interview | 5:29 |
| *The Brady Bunch* | Florence Henderson interview | 9:03 |
| *The Brady Bunch* | Florence Henderson interview | 17:10 |
| *The Brady Bunch* | Florence Henderson interview | 18:45 |
| *The Brady Bunch* | Sherwood Schwartz interview | 32:56 |
| *The Love Boat* | Douglas S. Cramer interview | 2:55 |
| *The Love Boat* | Henry Colman interview | 6:53 |
| *The Love Boat* | Charles Fox interview | 6:16 |
| *The Love Boat* | Fred Silverman interview | 3:33 |
| *The Love Boat* | Fred Silverman interview | 4:48 |
| *The Love Boat* | Fred Silverman interview | 8:06 |

COMPLAINT

| *The Love Boat* | Fred Silverman interview | 12:21 |
|---|---|---|
| *The Love Boat* | Aaron Spelling interview | 10:10 |
| *The Love Boat* | Aaron Spelling interview | 22:41 |
| *The Love Boat* | Gavin MacLeod interview | 9:54 |
| *The Honeymooners* | Joyce Randolph interview | 17:17 |
| *The Honeymooners* | Joyce Randolph interview | 26:16 |
| *The Honeymooners* | Joyce Randolph interview | 26:40 |
| *Happy Days* | Henry Winkler interview | 2:09 |
| *Happy Days* | Henry Winkler interview | 8:31 |
| *Happy Days* | Henry Winkler interview | 19:10 |
| *Happy Days* | Henry Winkler interview | 22:24 |
| *Happy Days* | Henry Winkler interview | 28:34 |
| *Happy Days* | Michael Eisner interview | 2:50 |
| *Happy Days* | Michael Eisner interview | 5:12 |
| *Happy Days* | Garry Marshall interview | 3:25 |
| *Happy Days* | Ron Howard interview | 3:50 |
| *Happy Days* | Ron Howard interview | 18:10 |
| *Happy Days* | Marion Ross interview | 4:15 |
| *Happy Days* | Tom Bosley interview | 6:52 |
| *Dynasty* | Richard and Esther Shapiro interview | 2:50 |
| *Dynasty* | Aaron Spelling interview | 3:05 |
| *Dynasty* | Aaron Spelling interview | 9:45 |
| *Dynasty* | Aaron Spelling interview | 10:34 |
| *Dynasty* | Aaron Spelling interview | 13:18 |
| *Dynasty* | Aaron Spelling interview | 14:46 |
| *Dynasty* | Aaron Spelling interview | 14:53 |
| *Dynasty* | Nolan Miller interview | 20:03 |

COMPLAINT

| *Cheers* | Glen and Les Charles interview | 2:33 |
| *Cheers* | Glen and Les Charles interview | 2:46 |
| *Cheers* | Glen and Les Charles interview | 5:41 |
| *Cheers* | Glen and Les Charles interview | 5:57 |
| *Cheers* | Glen and Les Charles interview | 6:40 |
| *Cheers* | Glen and Les Charles interview | 8:08 |
| *Cheers* | Glen and Les Charles interview | 17:08 |
| *Cheers* | Glen and Les Charles interview | 19:17 |
| *Cheers* | Glen and Les Charles interview | 25:55 |
| *Cheers* | Grant Tinker | 14:17 |
| *Cheers* | 35th Emmy Awards | 14:28 |

29.     In some instances, audio from an interview continues after Defendants show a clip, as if the audio were a voiceover for the episode.

30.     Defendants did not seek or obtain a license from the Foundation to use its copyrighted material, notwithstanding the prominent notices regarding licensing on the website and YouTube channel for *The Interviews*.  This is willful copyright infringement.

31.     Further, two of the interviews improperly used by Defendants require prior written approval from the interview subjects before the material can be used by third parties.  Upon information and belief, Defendants did not obtain such approval for their infringing uses.

32.     In some instances, Defendants also use and display the Foundation's registered trademark ARCHIVE OF AMERICAN TELEVISION in their show, as though the Foundation had authorized their use of its footage and as though the Foundation approved of the content in which its clips are used.

33.     This is likely to cause confusion, mistake, and deception as to the source, sponsorship, and/or approval of Defendants' show, and in particular, the

-9-

COMPLAINT

1    relevant public is likely to believe that the Foundation is associated with
2    Defendants when it is not.  This is willful trademark infringement, trademark
3    counterfeiting, and false designation of origin.

4         34.    In other instances, Defendants obscure the ARCHIVE OF
5    AMERICAN TELEVISION trademark, indicating that they were aware that their
6    use of the Foundation's materials was infringing and haphazardly sought to hide
7    their infringement.

8         35.    Defendants' conduct puts at risk the Foundation's relationships with
9    media companies and individuals who may (or may not) support the future work of
10   the Foundation or agree to future interviews.

11        36.    The Foundation takes no position with respect to the content of *TV We*
12   *Love*, but the Foundation must object to any third party attempting to create a false
13   impression of its sponsorship or approval of any good, service, or position.

14        37.    Defendants' conduct constitutes unfair competition, including
15   unlawful, unfair, and fraudulent business acts and practices and comprising
16   deceptive, untrue, and misleading advertising.

17        38.    Plaintiff has suffered economic injury and monetary harm as a result
18   of Defendants' unlawful conduct.

19        39.    Plaintiff has suffered reputational harm as a result of Defendants'
20   unlawful conduct.

21        40.    Defendants have profited and have been unjustly enriched by their
22   unlawful conduct.

23              **Notice to Defendants and Continued Infringement**

24        41.    The actions of Defendants alleged herein were taken willfully,
25   knowingly, and either with the intent to harm Plaintiff or with deliberate disregard
26   of the probability of doing so.

27        42.    The Foundation sent a letter to Defendants on January 13, 2026
28   regarding Defendants' infringement in the *Happy Days* episode of *TV We Love*,

1  informing them that the Foundation is reviewing other episodes for infringement,

2  and suggesting that Defendants remedy their infringement by properly licensing

3  the material they used without permission.

4       43.     Defendants responded through Canadian counsel on January 26, 2026

5  admitting that they used the Foundation's material in their *Happy Days* episode but

6  arguing that their conduct was a fair use under U.S. copyright law.

7       44.     Further, in the letter Defendants "confirm that Television Academy

8  Foundation material appears only in this single episode and was not used in any

9  other episode in the series.  There has been no repeated, systematic, or library-style

10  use of Foundation content."

11      45.     That is patently false.  Defendants repeatedly used the Foundation's

12  material, as well as the Television Academy's material, in seven episodes of *TV*

13  *We Love*.  By the Foundation's count, there are almost 50 uses of its material in

14  Defendants' series.

15      46.     Defendants' conduct constitutes willful copyright and trademark

16  infringement, trademark counterfeiting, false designation of origin, and unfair

17  competition.

18      47.     Defendants' conduct has persisted to this day despite notice and a

19  demand that Defendants remedy their infringement.

20      48.     Plaintiff has no adequate remedy at law.

21                      **Efran's Personal Liability**

22      49.     On information and belief, Efran personally directed and personally

23  benefitted from the tortious actions set forth herein.

24      50.     On information and belief, Efran is vicariously liable for the torts set

25  forth herein because he had the ability to supervise the tortious conduct and a

26  financial interest in the results of the tortious conduct.

27      51.     On information and belief, Efran is a contributory infringer as he had

28  knowledge of the infringing activity and induced, caused, or materially contributed

1  to the infringing conduct.

2  **FIRST CLAIM FOR RELIEF**

3  **(Copyright Infringement)**

4      52.    The Foundation realleges and incorporates by reference all the

5  allegations above as though fully set forth herein.

6      53.    The Foundation owns valid, registered copyrights in the interviews

7  identified above.

8      54.    Defendants' conduct as alleged herein violates the Foundation's

9  exclusive rights set forth in 17 U.S.C. § 106, including without limitation the rights

10  to reproduce, distribute, perform, display, and prepare derivative works of the

11  works identified herein.

12      55.    Defendants are liable for copyright infringement under 17 U.S.C. §

13  501, and their infringement is willful.

14      56.    The Foundation is entitled to injunctive relief and its actual damages

15  and Defendants' profits from the infringement in amounts to be proved at trial or,

16  at Plaintiff's election before final judgment, statutory damages pursuant to 17

17  U.S.C. § 504 with respect to works that were registered before Defendants'

18  infringement.

19      57.    The Foundation is also entitled to recover its costs and attorneys' fees

20  from Defendants pursuant to 17 U.S.C. § 505.

21  **SECOND CLAIM FOR RELIEF**

22  **(Trademark Infringement)**

23      58.    The Foundation realleges and incorporates by reference all the

24  allegations above as though fully set forth herein.

25      59.    The Foundation owns the trademark ARCHIVE OF AMERICAN

26  TELEVISION.  Its trademark is registered with the U.S. Patent and Trademark

27  Office and is incontestable.

28      60.    Defendants' conduct as alleged herein constitutes trademark

1  infringement in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

2      61.    The Foundation is entitled to injunctive relief and monetary relief in

3  an amount to be proved at trial.

4      62.    Defendants' infringement is willful, rendering this case exceptional

5  within the meaning of 15 U.S.C. § 1117(a).  As a result, the Foundation is entitled

6  to recover treble damages and its attorneys' fees.

7                     **THIRD CLAIM FOR RELIEF**

8                     **(Trademark Counterfeiting)**

9      63.    The Foundation realleges and incorporates by reference all the

10  allegations above as though fully set forth herein.

11      64.    The Foundation owns the trademark ARCHIVE OF AMERICAN

12  TELEVISION.  Its trademark is registered with the U.S. Patent and Trademark

13  Office and is incontestable.

14      65.    Defendants' conduct as alleged herein constitutes trademark

15  counterfeiting in violation of 15 U.S.C. § 1114.

16      66.    The Foundation is entitled to injunctive relief and monetary relief in

17  an amount to be proved at trial.

18      67.    The Foundation is entitled to treble damages and an award of its

19  attorneys' fees as provided in 15 U.S.C. § 1117(b).

20      68.    The Foundation is entitled to statutory damages of $2,000,000 per

21  infringement, as provided in 15 U.S.C. § 1117(c), and will elect before final

22  judgment whether to recover its actual damages or statutory damages.

23                     **FOURTH CLAIM FOR RELIEF**

24                     **(False Designation of Origin)**

25      69.    The Foundation realleges and incorporates by reference all the

26  allegations above as though fully set forth herein.

27      70.    The Foundation owns the trademark ARCHIVE OF AMERICAN

28  TELEVISION.  Its trademark is registered with the U.S. Patent and Trademark

-13-

1   Office and is incontestable.

2   71.   Defendants' conduct as alleged herein constitutes false designation of

3   origin in violation of 15 U.S.C. § 1125(a).

4   72.   The Foundation is entitled to injunctive relief and monetary relief in

5   an amount to be proved at trial.

6   73.   Defendants' infringement is willful, rendering this case exceptional

7   within the meaning of 15 U.S.C. § 1117(a).  As a result, the Foundation is entitled

8   to recover treble damages and its attorneys' fees.

9   <u>**FIFTH CLAIM FOR RELIEF**</u>

10   <u>**(Unfair Competition)**</u>

11   74.   The Foundation realleges and incorporates by reference all the

12   allegations above as though fully set forth herein.

13   75.   Defendants' conduct as alleged herein constitutes unfair, unlawful,

14   and fraudulent conduct within the meaning of California Business & Professions

15   Code § 17200 *et seq*., including false advertising under § 17500 *et seq.*

16   76.   The Foundation is entitled to injunctive relief and restitution in an

17   amount to be proved at trial.

18   77.   The Foundation is entitled to recover its attorneys' fees.

19   <u>**PRAYER FOR RELIEF**</u>

20   WHEREFORE, the Foundation prays for judgment as follows:

21   1.   For an adjudication that Defendants have infringed the Foundation

22   copyrights in the interviews identified above;

23   2.   For an adjudication that Defendants have infringed the Foundation's

24   ARCHIVE OF AMERICAN TELEVISION trademark;

25   3.   For an adjudication that Defendants are liable for trademark

26   counterfeiting in relation to the Foundation's ARCHIVE OF AMERICAN

27   TELEVISION trademark;

28   4.   For an adjudication that Defendants engaged in false designation of

origin in relation to the Foundation's ARCHIVE OF AMERICAN TELEVISION trademark;

5.  For an adjudication that Defendants are liable for unfair competition under the laws of the State of California;

6.  For an injunction barring each Defendant and all persons acting in concert with any of them and all other persons receiving notice thereof from reproducing, distributing, performing, displaying, or preparing derivative works of any version of the television show *TV We Love* that contains any portion of *The Interviews*;

7.  For an injunction barring each Defendant and all persons acting in concert with any of them and all other persons receiving notice thereof from using the Foundation's trademark ARCHIVE OF AMERICAN TELEVISION in or in connection with the television show *TV We Love*;

8.  For an award of the Foundation's actual damages;

9.  For an award of Defendants' profits and any other unjust enrichment received by any of them in connection with their tortious conduct as set forth herein;

10.  For an award trebling the monetary damages awarded to the Foundation;

11.  For an award of restitution;

12.  In the alternative to the Foundation's actual damages and Defendants' profits for copyright infringement, for an award of statutory damages with respect to works that were registered before Defendants' infringement in the maximum amount permitted by 17 U.S.C. § 504;

13.  In the alternative to the Foundation's actual damages for trademark counterfeiting, for an award of statutory damages in the maximum amount permitted by 15 U.S.C. § 1117(c);

14.  For an award of the Foundation's costs of suit, including their

1    attorneys' fees, to the maximum extent permitted by law;

2          15.   For an award of interest as provided by law; and

3          16.   Such other and further relief as the Court deems just and appropriate.

4

5    Dated:  March 11, 2026              VENABLE LLP

6

7                                          By:  /s/ *Ben D. Whitwell*

8                                               Eric A. Prager (*pro hac vice*
                                                 forthcoming)
9                                               Ben D. Whitwell
                                                Melissa C. McLaughlin
10                                              Attorneys for Plaintiff ACADEMY OF
                                                TELEVISION ARTS & SCIENCES
11                                              FOUNDATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiff Academy of Television Arts & Sciences Foundation hereby

4    demands a trial by jury.

5

6    Dated:  March 11, 2026              VENABLE LLP

7

8                                   By:  /s/ Ben D. Whitwell
                                         Eric A. Prager (*pro hac vice*
9                                        forthcoming)
                                         Ben D. Whitwell
10                                       Melissa C. McLaughlin
                                         Attorneys for Plaintiff ACADEMY OF
11                                       TELEVISION ARTS & SCIENCES
                                         FOUNDATION
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28